**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**Audrey SEDITA, d/b/a Women's Workout World, et al., Defendants.**

**No. 87 C 2790.**

United States District Court, N.D. Illinois, E.D.

Jan. 31, 1991.

Sharon A. Seeley, Dana R. Hutter, E.E. O.C., Chicago, Ill., for plaintiff.

Frances H. Krasnow, Tracy L. Potter, Neal Gerber & Eisenberg, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

This matter is before the court on the Equal Employment Opportunity Commission's ("EEOC") motion to reconsider the court's October 22, 1990, ruling on the cross-motions for partial summary judgment. The motion for reconsideration is granted. For the reasons explained below, on reconsideration the court grants the EEOC's motion for partial summary judgment.

### Background

On November 28, 1989, defendants Audrey Sedita *et al.* filed a motion for Partial Summary Judgment arguing that their refusal to hire males as Managers, Assistant Managers, and Instructors does not violate Title VII because gender is a bona fide occupational qualification ("BFOQ") for those positions at Women's Workout World. On January 8, 1990, plaintiff EEOC, filed a Cross–Motion for Partial Summary Judgment contending that the defendants had failed to prove that sex is a BFOQ for the positions at issue.

On October 22, 1990, the Court, after finding that there was a genuine issue of material fact concerning whether sex was a BFOQ for the positions at Women's Workout World, issued a Memorandum Opinion and Order denying both motions for summary judgment. In the order, the court commented on the paucity of evidence provided by the defendants and requested additional briefing. EEOC now asks the court to reconsider its ruling arguing that because the defendant has failed to prove each and every element of the BFOQ defense, the motion for Partial Summary Judgment should be granted in plaintiff's favor. For the reasons explained below, the plaintiff's cross-motion for Partial Summary Judgment is granted.

### Partial Summary Judgment and the BFOQ Defense

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party must then set forth specific facts through affidavits or other materials that demonstrate disputed material facts that must be resolved at trial. *Celotex,* 106 S.Ct. at 2552–53. Hence, summary judgment is appropriate when the non-moving party is unable to make a showing sufficient to prove an essential element of a case on which the non-moving party bears the burden of proof. *Common v. Williams,* 859 F.2d 467, 469 (7th Cir. 1988).

■ 42 U.S.C. § 2000e–2(e), which is titled "Unlawful Employment Practices", explains when sex-based hiring policies may be justified:

> Notwithstanding any other provision of this subchapter, (1) it shall be an unlawful employment practice for an employer to hire and employ employees ... on the basis of ... sex ... in those instances where ... sex is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise....

The BFOQ exception is "meant to be an extremely narrow exception to the general prohibition of discrimination on the basis of sex." *Dothard v. Rawlinson,* 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977). Hence, as the court noted in its October 1990, order a defendant asserting a BFOQ defense has a heavy burden in terms of justifying his employment practice.

■ Under the law, an employer asserting a privacy based BFOQ defense must satisfy a three part test. First, the em-

ployer must assert a factual basis for believing that hiring any members of one sex would ... undermine the business operation." *Dothard v. Rawlinson*, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977). *See also, Norwood v. Dale Maintenance Systems, Inc.*, 590 F.Supp. 1410 (N.D.Ill. 1984). The employer must also prove that the customer's privacy interest is entitled to protection under the law, and that no reasonable alternatives exist to protect those interests other than the gender based hiring policy. *Norwood*, 590 F.Supp. 1415–1416. *See also, Fesel v. Masonic Home of Delaware, Inc.*, 447 F.Supp. 1346, 1351 (D.Del.1978), aff'd, 591 F.Supp. 1334 (3d Cir.1979).

■ The EEOC first argues that the defendants cannot prove a factual basis for the club's hiring policies. Plaintiff also argues that the defendants fail to present any conclusive evidence that their clients would stop patronizing the club if members of the opposite sex were hired to work at Women's Workout World as managers, assistant managers, and instructors. The defendants contend that it is clear that a factual basis for their hiring policy exists because their clients have consciously chosen to join an all female health club. The defendants also present Audrey Sedita's deposition testimony as evidence of a factual basis. Ms. Sedita explains that members have, in the past, been disturbed by the presence of males in the club. She also comments on the "type" of woman who joins Women's Workout World.

Having set out the requirements for the BFOQ defense, the court must consider the defense in the context of this case. *See, Torres v. Wisconsin Dep't of Health and Social Services*, 859 F.2d 1523, 1528 (7th Cir.1988) (In reviewing a BFOQ case, courts are required to "come to an understanding of the employer's business—its mission and the methodologies necessary to fulfill that mission.") In the October, 1990 opinion, the court found that given the

uniqueness of the goals of Women's Workout World as a fitness center, and the particular needs of its clientele, there was a genuine question of material fact regarding whether there was a factual basis for defendant's employment policies, and whether any alternatives to the present system would work at Women's Workout World.[1]

■ On reconsideration of both the law and the supplemental briefs filed in this case, the court grants the motion for partial summary judgment in favor of the EEOC. The court finds that the motion for partial summary judgment must be granted in plaintiff's favor because the defendants have failed to prove either that a factual basis exists for their discriminatory hiring policies, or that no reasonable alternatives exist to protect their customer's privacy interests other than sex based hiring. Under the law:

[a] defendant in a privacy rights case may satisfy its burden of proving a factual basis for a sex-based hiring policy by showing that the clients or guests of a particular business would not consent to service of the opposite sex, and that the clients or guests would stop patronizing the business if members of the opposite sex were allowed to perform the service.

*Norwood*, 590 F.Supp. at 1416. *See also, EEOC v. Mercy Health Center*, 29 FEP Cases 159, 1982 WL 3108 (W.D.Okla.1982); and *Fesel*, 447 F.Supp. 1346 (D.Del.1978).

Hence, in order to prove a factual basis for their sex-based hiring, the defendants are required to show that their clients would not consent to service from the opposite sex. This they have failed to do. As the court explained in the October opinion, the petition submitted by the defendants in support of their motion for summary judgment did not prove that club members will leave Women's Workout World if males are employed at the club as managers, assistant managers, or instructors. The petition,

---

**1.** The court did not decide whether given the intimate touching which took place at the health club, a protected privacy interest existed among members of the club. The parties were in-

formed that they should submit briefs focusing on the privacy issue, so that the court could finally rule on the defendant's BFOQ defense.

which states that customers would consider it an invasion of their privacy rights to have males working as instructors at the club, is of little use to the defendant's case. While the petition focused on customers being offended by the presence of males at the club, the issue in this case is specifically whether clients will leave the club if males are employed there in any capacity.

Further, as the court noted in the October opinion, the defendants do not even indicate what percentage of health club members signed the petition. The overall percentage of customers who object to the presence of males may be small indeed. Finally, the court must acknowledge the fact that Women's Workout World has previously employed males as "class givers" without going out of business. This fact suggests that there is no basis in the law for the defendant's present refusal to hire men.

The court is equally unpersuaded by Ms. Sedita's testimony that club members will leave Women's Workout World if the club hires males. Ms. Sedita's testimony concerns club members' reactions to the presence of a male in a club, who worked as a district manager. To name just a few problems with the testimony, like the petition submitted by the defendants, Ms. Sedita's testimony is too vague to be of much use to defendants' case. The court has no idea how many customer's were angered by Robert Morley's presence in the club, or what he did when he worked as a district manager. A defendant asserting a BFOQ case has the heavy burden of proving a factual basis for the discriminatory employment practice. The defendant must *prove* that clients would stop patronizing his business if members of the opposite sex are hired. The court finds that the defendants have failed to assert a factual basis for their hiring policies. Therefore, summary judgment must be granted in favor of the EEOC.

The court also finds that the defendants have failed to prove that no reasonable alternatives exist to their discriminatory hiring policy. The defendants argued that Women's Workout World does not employ men as managers, assistant managers, or instructors at their health clubs, because the primary responsibilities of these jobs require "a substantial amount" of physical contact with members' bodies. In addition, managers, assistant managers, and instructors are exposed to nudity in the club locker room, shower, and bathroom, during orientation sessions when they show club facilities to new members. The defendants argue that it would be impossible for Women's Workout World to reassign job duties in order to avoid intruding on members' privacy interests, since the conduct which infringes on privacy interests amounts to the essence of the jobs in question.

In its original motion for partial summary judgment the EEOC argued that the essence of the jobs in question did not require employees to intimately touch health club members, or force employees to be exposed to the nudity of club members. The EEOC suggested that Women's Workout World could hire male employees by changing the duties of the jobs in question. The plaintiff then made a number of suggestions, which they argued would enable the defendants to hire males, such as hiring females to assist clients who objected to being touched by males, posting a schedule to inform clients of when male employees would be on duty, or letting clients take themselves through the locker room. The court found that these ideas could not simply be accepted or rejected on summary judgment, and asked the parties to provide additional briefs or evidence to support their arguments for summary judgment.

Despite the fact that plaintiff's suggestions were undeveloped, the court does not believe that they were unreasonable, or that they could be rejected on their face. The defendants had the burden of refuting these suggestions, and proving that they would not be feasible at Women's Workout World. The EEOC's evidence of feasibility exists in the nation's other health clubs, which hire both sexes, and allow members to be served both by assistants of their own sex, and by members of the opposite sex. (The moving party has the initial burden of establishing that there is no genuine issue of material fact. The non-moving

party must then set forth specific facts through affidavits or other materials that demonstrate disputed material facts that must be resolved at trial. *Celotex*, 106 S.Ct. at 2552–53.)

 The purpose of the defendant's business operation is to provide individualized fitness and exercise instruction to the club's women members. Hence, defendants must prove that they cannot achieve their business purpose without engaging in single sex hiring. In response to plaintiff's alternatives the defendants produced nothing more than Ms. Sedita's assertions that the alternatives were not feasible because of the views of her clientele, and the difficulties of accommodating men in her health club. For purposes of this motion for summary judgment, defendants' evidence was not strong to prove, or even strongly suggest, that no alternatives were feasible. ("If the evidence presented by the nonmovant ... is merely colorable or [is] not significantly probative, summary judgment is proper.) *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir.1989) (citation omitted). As the court noted in its earlier order, the defendants needed to provide evidence to prove their argument, such as data on costs, studies on the feasibility of changing their present operation, or projections on the impact of such changes in terms of lost profits.[2] Without some evidence that the alternatives are not feasible, the court must find that there is no genuine issue of material fact with regard to this issue. Summary judgment is granted in plaintiff's favor.

The court rules in favor of the EEOC on the motion for partial summary judgment. Because the other claims in this lawsuit have been resolved through settlement, aside from a determination of appropriate equitable relief[3], this memorandum opinion and order resolves the final issues pending in this case. The parties are ordered to meet and discuss proposals for an equitable order that can be imposed by the court to remedy the defendants' discriminatory hiring practices.

### Conclusion

The EEOC's motion to reconsider the cross-motion for summary judgment is granted. For the reasons explained above, the motion for partial summary judgment is granted in favor of the EEOC. The defendants' motion for partial summary judgment is denied.

---

2. The court notes that there is no general requirement that the necessity of a BFOQ be established by objective, empirical evidence. In many instances a court can determine whether a BFOQ is justified by relying on a common sense understanding of the circumstances. *Torres v. Wisc. Dep't of Health & Social Services*, 859 F.2d 1523 (7th Cir.1988). In the instant case, however, given the fact that the abundance of health clubs in this country hire both men and women to work at the clubs, seemingly without disturbing the privacy interests of their clientele, the court finds that defendants were required to present some objective, empirical evidence to prove that sex-based hiring is justified at their club.

3. Since the defendants never brought this suit on behalf of a named plaintiff, the court believes that there are no monetary damages to be awarded.